OPINION
{¶ 1} On May 23, 2003, appellee, the Stark County Department of Job and Family Services, filed a complaint for temporary custody of Josiah Silva born May 21, 2003, alleging the child to be dependent. Mother of the child is appellant, Louella Silva aka Louella Young; father is Sean Silva. A hearing was held on August 5, 2003. By judgment entry filed August 6, 2003, the trial court found the child to be dependent, and granted appellee temporary custody of the child.
 {¶ 2} On April 16, 2004, appellee filed a motion for permanent custody. A hearing was held on August 2, 2004. By judgment entry filed August 16, 2004, the trial court granted appellee permanent custody of the child. Findings of fact and conclusions of law were filed same date.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The judgment of the trial court that the minor child cannot or should not be placed with appellant is against the manifest weight of the evidence."
 II {¶ 5} "The trial court abused its discretion by ruling that the best interests of the minor child would be served by granting permanent custody to SCDJFS."
 I, II {¶ 6} Appellant claims the trial court's granting of permanent custody to appellee was against the manifest weight of the evidence. We disagree.
 {¶ 7} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 8} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 9} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 10} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 11} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 12} "(10) The parent has abandoned the child.
 {¶ 13} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 14} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 15} "(16) Any other factor the court considers relevant."
 {¶ 16} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 17} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 18} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 19} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 20} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 21} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 22} Appellant is incarcerated and will be until 2007. T. at 10, 12; Plaintiff's Exhibit 1. Obviously she will be unable to care for the child for a period in excess of eighteen months beyond the date of the permanent custody hearing [R.C. 2151.414(E)(12)]. She previously lost two children to involuntary grants of permanent custody [R.C. 2151.414(E)(13)]. T. at 11-12; Plaintiff's Exhibits 2 and 3.
 {¶ 23} The father did not appear for the hearing. T. at 4-5, 7. His last visitation with the child was in August of 2003. T. at 7. He has not provided any support or financial assistance to the child. T. at 7-8. He has not completed any of the case plan objectives, and is currently wanted on outstanding felony arrest warrants. T. at 8-9.
 {¶ 24} We find clear and convincing evidence to support the trial court's decision that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent.
 {¶ 25} As for best interests, appellant is contesting the child's placement with appellee instead of family members. The sole family members mentioned by appellant, David and Renee Goe, were found to be unsuitable during the home study approval process. T. at 21-24. No other family member names were provided. T. at 26-27, 33, 52, 54-55. The child is currently placed in a foster home. T. at 16. The foster parents are currently interested in adopting the child, and are interested in facilitating visitation with the child's sibling however, the relative placement of the sibling, the Goes, have been "resistant to reasonable and normal visitation." T. at 18-19, 53-54. The child has not bonded with either parent. T. at 15-16. The child has bonded to the foster parents, and the foster parents are very nurturing. T. at 17, 53.
 {¶ 26} We find clear and convincing evidence that it is in the child's best interest to be provided with a stable home environment which is available through permanent custody.
 {¶ 27} For these reasons, we find the trial court's judgment was not against the manifest weight of the evidence and sufficient evidence was submitted to support the trial court's determinations.
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.